**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **TWEE JONGE GEZELLEN, etc.,**   ) | **CASE NO. 3:04CV7349** |
|                                                          ) | |
| **Plaintiff,**   ) | **JUDGE CHRISTOPHER A. BOYKO** |
|                                                          ) | |
| vs.                                                  ) | |
|                                                          ) | **OPINION AND ORDER** |
| **OWENS-ILLINOIS, et al.,**                ) | |
|                                                          ) | |
| **Defendants.**   ) | |

**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the Court upon the Motion (ECF DKT #72) of Defendants, Owens-Illinois, Inc. and Owens-Brockway Glass Container, Inc. ("Owens") for Summary Judgment.  For the reasons that follow, the motion is granted.

**I. FACTUAL BACKGROUND**

Plaintiff, Twee Jonge Gezellen ("Twee"), is a South African producer and bottler of fine wines.  Owens is a United States manufacturer of glass containers, that allegedly provided erroneous technical advice to Consol Glass, the bottling company Twee used for its sparkling wine.  Because the advice allegedly was provided without sufficient preliminary testing, and with incomplete advice as to the use of gas to treat bottles for certain products, Consol's use in the mid-90's of Freon 134a caused "blooming" in bottles of Twee's sparkling wine.  Twee did not pay Consol because it believed the bottling process destroyed its vintage. Consol sued Twee in South Africa.  Twee counterclaimed.  The court found for Consol; and

Twee's application for leave to appeal was dismissed on May 23, 2006. As a direct and foreseeable consequence of Owens' negligence, Twee claims in its Complaint filed here on June 7, 2004, that almost thirty thousand bottles of its vintage 1994 "Methode Cap Classique" sparkling wines were ruined; its future production was disrupted; its reputation was severely damaged; and its ability to compete in the highly competitive "Champagne" market was compromised. Specifically, the Complaint seeks damages, including the value of the lost 1994 vintage; the cost of long delays in production of subsequent bottlings, the loss of reputation; the loss of market share; and serious brand erosion.

Twee is a closely-held corporation. Nicolas Charles "Nicky" Krone is a director of Twee and its majority shareholder. Nicolas Charles "N.C." Krone is Nicky's father, a director of Twee, and its minority shareholder.

For almost thirty years, Owens and Consol have been parties to an agreement by which Owens provided technical advice concerning the manufacture of glass containers. Owens has provided technical information; has allowed Consol representatives to visit Owens' facilities; and has made some of its own employees available for consultation. As a general practice, Consol would request "specifications" concerning technical assistance and Owens would "cause each such request to be fully and fairly answered to the best of the ability of Owens." In addition, at times relevant to this suit, Owens owned nineteen percent of the stock of Consol; eighty-one percent was owned by a South African entity, AVI.

The Complaint by Twee against Owens sounds entirely in negligence; and Twee claims Owens' duty of care arises out of Section 324A of the *Restatement (Second) of Torts*, which provides: that one who undertakes, gratuitously or for consideration, to render services

-2-

to another which he should recognize as necessary for the protection of a third person, is liable for physical harm to the third person, resulting from failure to exercise reasonable care if –

    - his failure to exercise reasonable care increases the risk of such harm, or

    - he has undertaken to perform a duty owed by the other to the third person, or

    - the harm is suffered because of reliance of the other or the third person upon the undertaking.

Defendant Owens now moves for judgment in its favor, based upon the bar of the two-year statute of limitations for negligence actions, found in Ohio Revised Code § 2305.10. Owens argues that Twee knew as early as 1998 of the damage to its bottle-fermented vintage sparkling wine, and had reason to suspect that the damage was caused by Consol's use of Freon 134a gas to treat the bottles. Therefore, Twee had until 2000 to timely sue all parties it had reason to believe were potentially responsible, including Owens. However, Twee did not bring this lawsuit against Owens until 2004. Twee counters that the "discovery rule" exception applies, and that the statute of limitations did not begin running until February 21, 2002. At that time, a "bundle" of documents Twee received in the South Africa litigation demonstrated that Owens advised Consol to use Freon 134a, without completing the requisite testing.

Owens also contends that Twee cannot prove that Owens owed a duty of care. Owens neither knew nor should have known that information it provided under a written agreement to Consol was "necessary for the protection" of Twee or its bottle-fermented sparkling wine. In other words, Owens asserts that Twee cannot establish the element of foreseeability,

-3-

necessary to prevail on a negligence claim.

Owens lastly contends that the doctrines of *res judicata* and comity bar the Plaintiff's action. In 1999, Twee counterclaimed against Consol in the South African litigation to recover essentially the same damages it now seeks from Owens. The South African court found against Twee in its suit against Consol; and found that Twee received the benefit of its bargain from Consol, entitling it to no recovery under any warranty of quality or fitness. Owens argues Twee can have no greater rights nor ability to recover under warranty against Owens than it had against Consol.

## II. LAW AND ANALYSIS

### STANDARD OF REVIEW

### Motion for Summary Judgment

A summary judgment should be granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *See, Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to come forward with evidence showing that there is a genuine issue for trial. *See, Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 256 (1986). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. The nonmoving party cannot rest, however, upon the "mere allegations in the pleadings." *Mounts v. Grand Trunk W. R.R.*, 198 F. 3d 578, 580 (6th Cir. 2000). "Because the statute of limitations is an affirmative defense, the burden is on the defendant to show that the statute of limitations has run. If the defendant meets this requirement then the burden shifts to

the plaintiff to establish an exception to the statute of limitations." *Campbell v. Grand Trunk Western Railroad Company*, 238 F. 2d 772, 775 (6th Cir. 2001) (citing *Drazan v. United States*, 762 F. 2d 56, 60 (7th Cir. 1985)).

### **"Triggering" the Statute of Limitations**

Upon a review of the evidence, deposition testimony, declarations of witnesses, and transcriptions of telephone conversations, the Court concludes Owens has met its burden of demonstrating that the two-year statute of limitations began to run in 1998. The Court notes that Twee Jonge Gezellen is a closely-held corporation operated by family members; and, in that context, what was known to Nicky Krone, the majority shareholder and director, was known to Twee. *See*, *In Re Revco D.S., Inc*., 118 B.R. 468, 508 (Bankr., N.D. Ohio 1990) (Shareholders in closely- held corporations are clear insiders who control the company and have full knowledge of all relevant facts). By 1998, Krone – and therefore Twee – had determined that the 1994 vintage sparkling wine had been damaged by Consol's use of Freon 134a in the treatment of its bottles and had been informed that Owens ("the Americans") advised Consol on the application of Freon gas in glass container treatment.

This Court acknowledges evidence of an agreement, signed by Owens on January 22, 2004, by which Owens agreed to toll the running of any applicable statute of limitations pending investigation of the potential claim Twee might have against it. Yet, it is undisputed that said tolling agreement did not constitute a waiver of any statute of limitations defense that already existed as of the date of the agreement.

With regard to a medical negligence case, Judge Gwin, writing for the District Court for the Northern District of Ohio, decided:

a plaintiff need not have discovered **all** the relevant facts necessary to file a malpractice claim in order to trigger the statute of limitations. Instead, the cognizable event itself puts the plaintiff on notice to investigate the facts and circumstances relevant to any malpractice claim. It is sufficient if plaintiff has only constructive knowledge of facts, rather than actual knowledge of their legal significance, in order to start the statute of limitations running. *Thompson v. Karr*, 4 F. Supp. 2d 731, 736 (N.D. Ohio 1998). (Emphasis added).

Moreover, in *Yacub v. Sandoz Pharmaceuticals*, 85 F. Supp. 2d 817 (S.D. Ohio 1999), Chief Judge Rice opined:

A plaintiff's awareness that a particular product, procedure, or event 'may have caused' his injury conceivably could [cite reference omitted] trigger the statute of limitations. As noted, *supra*, the key issue in any particular case is the plaintiff's degree of certainty regarding the cause of his injury. Indeed, a plaintiff who is ninety-five percent sure that a particular product or procedure caused his injury does not know the cause with *absolute* certitude. Rather, it may be said that such a plaintiff knows only that the procedure *may* have caused his injury. Such relative certainty would, nevertheless, undoubtedly trigger the statute of limitations, given that 'absolute certitude' is not required under Ohio law. Thus, the critical inquiry, in this or any other case, is the point at which the plaintiff became sufficiently certain about the cause of the injury to trigger the statute of limitations. (Emphasis in original). *Id*. at 826.

That point in time, for the instant analysis, is the year 1998 — when Krone, on behalf of Twee, was sufficiently certain that Consol's use of Freon 134a, with the advice and consultation of its "partner", Owens, in America, caused the harm to his 1994 sparkling wine production.

In his sworn declaration, Nicky Krone, avers that, until he viewed the document production in early 2002 and heard the hearing testimony, he "did not know or suspect" that Owens had advised Consol to use 134a without having conducted adequate testing. Yet, in September or October of 1997, Krone observed the problem with the vintage; and Krone spoke about the bottling treatment with Dr. Bob Clark, of Owens Brockway in 1998. (Videotape Depo. of Nicolas Charles Krone, June 7, 2005 at pp.196 and 282).

-6-

On July 21, 1998, Nicky Krone wrote a letter to Simon Crutchley at Consol Glass. Krone discussed the inquiries and investigation he had undertaken since the problem with the sparkling wine bottles. Krone learned that Consol had begun using 134a, rather than 152a gas, which was more predominantly used but which was in short supply. "As a result of all our enquiries and the technical reports received by us from various sources, we have no doubt that the freon treatment utilising 134a was the cause of the difficulties experienced by us." (Exhibit #10 to Defendants' Motion for Summary Judgment).

In a 1998 recorded conversation with Mr. Laurie Heekes of Consol, Krone learned of the involvement of the "Americans" and their alleged recommendation that 134a be used. (Exhibit #2 to Balich Declaration ECF DKT #73; see also, ECF DKT #76, Declaration of Laurie Heekes). In November of 1998, Nicky Krone was told by Heekes that Consol introduced the freon process, "being backed by the best advisors in the industry" (Owens). (Videotape Depo. of Nicolas Charles Krone, January 11, 2006 at pp. 1594-1595).

John Polasek, Laboratory Services Manager at Consol, avers in his affidavit that he had conversations with Nicky Krone as early as 1997 and told him Freon 134a had been incorporated into Consol's standard manufacturing process in 1994; that Owens had given technical assistance; that some of Twee's champagne bottles were sent to Owens for laboratory testing; and that Bob Clark would be an Owens contact person. (ECF DKT #77, Declaration of John Polasek).

Twee disputes that its investigations, conversations and inquiries reasonably led to its discovery of Owens' wrongful conduct – specifically, inadequate testing and negligent advice. Nicky Krone admits that he spoke directly to Bob Clark; but that Clark gave false

information about the use of 134a for internal treatment of glass. (ECF DKT #99 Mason Declaration Exhibit #49). Misrepresentations were allegedly made regarding the widespread use of 134a, rather than 152a; and whether Owens or any other of its affiliated entities used 134a. (Clark Depo. at pp.193-195, ECF DKT #99, Mason Declaration Exhibit #15). Clark misled Krone about the chemical properties of 134a and 152a. (ECF DKT #99, Mason Declaration Exhibit #49).

Nevertheless, in Nicky Krone's letter to Simon Crutchley at Consol Glass in 1998 (Defendant's Motion Exhibit #10), his statements concerning – Consol's unique use of 134a (while the rest of the world utilized the 152a freon treatment); Twee's extensive investigations and inquiries of the scientific community; and finally, "we have no doubt that the freon treatment utilising 134a was the cause of the difficulties experienced by us" – all belie Krone's susceptibility to, and reliance upon the supposed misrepresentations outlined above. As was noted in *Yacub*, 85 F. Supp. 2d at 826, *supra*, "absolute certitude" is not mandated by Ohio law. Rather, "sufficient certainty" is enough to trigger the running of the statute of limitations.

In sum, multiple triggering events, sufficient to make Twee reasonably certain of the cause of its injury and of the involvement of Consol **as well as Owens**, occurred long before 2002 — in 1997 and 1998. Twee knew of the long-standing consultation arrangement between Consol and Owens. The nearly twenty percent ownership interest of Owens in Consol Glass was public information. Moreover, Twee knew in 1998 that Owens had advised Consol on the use of 134a; and that Consol was using 134a on the advice of the "Americans." Twee also learned that the majority of other manufacturers worldwide used 152a, and not the

-8-

substitute chemical known as 134a. Krone, on behalf of Twee, and while investigating the damaged vintage, corresponded directly with Bob Clark from Owens. Thus, at least in 1998, Twee was alerted to the possibility that Owens was involved in Consol's bottle manufacture and could potentially be liable. The two-year statute of limitations in R.C. §2305.10 was triggered, therefore, in 1998, and began to run. Plaintiff's Complaint, filed in 2004, is too late and is time-barred.

Based upon this Court's determination that the statute of limitations is an absolute bar to Plaintiff's negligence action, the remaining arguments put forth by Owens as to foreseeability and *res judicata* and/or comity need not be addressed.

### III. CONCLUSION

Plaintiff Twee Jonge Gezellen brought a negligence claim against Defendants, Owens-Illinois, Inc. and Owens-Brockway Glass Container, Inc., on June 7, 2004 pursuant to Section 324A of the *Restatement (Second) of Torts*. Pursuant to R.C. § 2305.10, a negligence claim must be brought within two years of when the cause of action accrued. In light of the deposition testimony, declarations, affidavits and other evidence submitted, and upon consideration of the sworn statements and recorded telephone conversations of Nicky Krone, the corporate Plaintiff's majority shareholder, Defendant Owens has met its burden of demonstrating that the statute of limitations was triggered and began to run in the year 1998. Twee had two years to file suit against those parties it believed to be liable for the injury it allegedly suffered to its sparkling wine production and for the purported loss to its market share and business reputation. Twee has failed to provide evidence to support any exception to the statute of limitations, and has not established that the "discovery rule" justified any

calculation starting in 2002. Plaintiff's Complaint is, therefore, time-barred and Defendants' Motion for Summary Judgment is granted. The Jury Trial currently scheduled to begin on September 5, 2006 is cancelled and any pending motions are moot.

**IT IS SO ORDERED**.

DATE: __8/16/06_____

 s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**
(Signed original on file)