IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TWEE JONGE GEZELLEN (PTY) LTD., | ) | CASE NO. 3:04 CV 7349 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| OWENS-ILLINOIS, *et al.*, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendants. | ) | |

## Introduction

Before me by referral[1] is a verified bill of costs, as adjusted, filed by defendants Owens-Illinois and Owens Brockway Glass Container Inc. ("Owens"), in which they seek to have $88,793.74 in costs recovered from plaintiff Twee Jonge Gezellen Ltd. ("Twee").[2] Twee has opposed this motion,[3] and Owens has replied to that opposition.[4]  A contested motion by Owens to recover additional fees and expenses in this matter,[5] also before me by referral, is addressed separately.[6]

---

[1] ECF # 221.

[2] ECF # 228 (Owens' reply brief) at 13-14 providing an adjusted bill of costs. ECF # 207 (original motion) stated a claim for $92,959.41.  *See also*, ECF # 210 (motion for order to activate bill of costs).

[3] ECF # 217.

[4] ECF # 228.

[5] *See*, ECF ## 211, 218, 219, 224, 225, 227, 229.

[6] ECF # 230.

## Facts

**A.     Background**

This case initially involved a claim by Twee, a South African winery, that an alleged defect in the glass bottles it used for its sparkling wine purportedly interfered with proper fermentation of the wine.  Specifically, Twee alleged that negligent advice on the use of Freon gas during bottle manufacturing was provided by Owens to Twee's glassmaker.[7]  This Court awarded summary judgment to Owens, concluding that the action was time-barred by the applicable statute of limitations and, further, denied Twee's motion to amend its complaint to include additional plaintiffs.[8]  On appeal, the Sixth Circuit affirmed both judgments.[9]

After the decision by this Court in its favor and the filing of the appeal by Twee, Owens submitted its bill of costs.[10]  In a non-document entry, this Court determined that the motion to recover costs would be held in abeyance until the appeal was concluded. Accordingly, upon the final resolution of the appeal, Owens moved to resume consideration of its motion.[11]

───────────────────

[7] ECF # 209 (Sixth Circuit opinion affirming decision) at 1.

[8] *Id.*

[9] *Id.*

[10] ECF # 207.

[11] ECF # 210.

**B.    Owens' request for costs**

As noted, Owens' original request for costs totaled $92,959.41 and included the following amounts by category: $570.00 for court filing fees; $55,243.01 for court reporters used in depositions; $31,885.15 for copies; $2,736.85 for translating documents from Afrikaans; and $2,524.40 for "imaging technologies."

In the supporting affidavit of counsel, Owens initially describes its reasons for concluding that each of the 23 depositions for which it seeks costs were necessary for its defense in this case, emphasizing that many of the deponents reside in South Africa, beyond the subpoena power of this Court.[12]  The affidavit also states that some of these depositions were taken *de bene esse* in cases of likely trial witnesses or those sought to be precluded from testifying at trial.[13]  The affidavit further states that the costs cover copies of 50,000 pages of documents incurred in discovery, document productions and trial preparation, as well as for electronic imaging of 2,200 pages of exhibits and "demonstratives" for review by counsel and use at trial.[14]

**C.    Twee's objections**

In objecting to Owens' request for costs, Twee makes four arguments why no costs should be allowed to Owens and advances three reasons why, if costs are to be allowed, the amount claimed by Owens should be reduced.

---

[12] *Id.*, Ex. A (affidavit of Cary Rodman Cooper) at 1-7.

[13] *Id.*

[14] *Id.* at 7-8.

In maintaining that Owens' request should be disallowed *in toto*, Twee contends: (1) that this was a close, complex, and difficult case, thus mitigating against the award of any costs to the prevailing party;[15] (2) that Twee acted in good faith in conducting this litigation;[16] (3) that the Court should consider Twee's "precarious" financial condition and conclude that, for reasons of equity, it would be an undue hardship to impose costs;[17] and (4) parts of Owens' bill of costs are so overreaching as to justify their total denial.[18]

Alternatively, Twee asserts that Owens may not recover $31,885.15 for making 286,156 copies of 50,000 pages of documents because the majority of those copies were made simply for the convenience of counsel and because the bill of costs does not detail why specific copies of particular documents were necessary.[19]  It contends that, at most, Owens should be allowed to recover the cost of making one copy, at 10 cents per page, of each of the 50,000 pages of documents produced by the parties.[20]

In addition, Twee maintains that Owens may not recover its costs for "convenience and overhead" charges, such as bates labeling, rush deposition transcripts, rough drafts of depositions on discs and electronic document scanning.[21]  Even if allowable, Twee contends

---

[15] ECF # 217 at 3-5.

[16] *Id.* at 5-6.

[17] *Id.* at 6-7.

[18] *Id*. at 7-8.

[19] *Id.* at 9-11.

[20] *Id*. at 11.

[21] *Id*. at 11-13.

that Owens has not shown that these costs were necessarily incurred.[22]  Finally, Twee argues that Owens' "*de bene esse*" depositions were "essentially for the purpose of investigation," and not for the purpose of "preserv[ing] the testimony of [potentially] unavailable trial witnesses."[23]  As such, Twee urges this Court to limit any recovery of costs to those incurred in cross-examining witnesses that Twee examined in South Africa, thus halving the amount for July 2006 depositions from $1,382.64 to $691.32.[24]

D.    **Owens' response**

Initially, Owens argues that it is, by operation of Federal Rule of Civil Procedure 54(d)(1), presumptively entitled to recover its costs.[25]  It asserts that any deviation from this norm imposes a burden on Twee as the losing party to justify overcoming that presumption; a burden it claims Twee has not met.[26]

Specifically, Owens first disputes any contention that its costs should be completely disallowed because this was a close and difficult case.[27]  It argues that, since the matter was resolved on summary judgment and not after a lengthy trial, this case cannot be described as close or difficult.[28]  Moreover, even it were a close case, Owens maintains that it would still

[22] *Id.* at 13.

[23] *Id.* at 13-15.

[24] *Id*. at 15.

[25] ECF # 228 at 2.

[26] *Id.*

[27] *Id.* at 3.

[28] *Id*. at 3-5.

be entitled to all its costs because closeness is just one factor to consider in assessing costs, and costs may still be awarded even when the case is difficult or close.[29]

In addition, Owens asserts that Twee is incorrect to say that costs should be denied because it pursued this case in good faith.[30]  Initially, Owens notes that good faith in pursuing a claim does not negate the rule which provides for recovery of costs.[31]  Moreover, Owens restates the argument presented in its motion for compensation that Twee "pursued this litigation unreasonably and vexatiously multiplied the proceedings" in this case.[32]

As to Twee's assertion that it should not be assessed costs because it is under financial duress, Owens responds that Twee has not proven any distress and, even if it had, it does not claim to be indigent.[33]  Only a losing party completely incapable of paying costs either now or in the future may, argues Owens, be relieved from its obligation to pay costs.[34]  In addition, Owens asserts that any allegation of overreaching does not justify the denial of all fees.[35]

Finally, Owens addresses Twee's contention that the bill of costs contains impermissible charges for $47,442.46 in three areas:  (1) $26,885.16 in copying charges;

---

[29] *Id*. at 5.

[30] *Id.*

[31] *Id.*

[32] *Id*. at 6.

[33] *Id.* at 6-7.

[34] *Id*. at 7.

[35] *Id.* at 7-8.

(2) $19,865.95 for so-called "overhead and convenience of counsel" charges; and (3) $691.32 for *de bene esse* depositions.[36]

As to the copying, Owens contends that the copying charges included 145,025 for copies made both by outside vendors in California and Ohio for counsel in those states, as well as for 70, 654 copies made internally by Ohio counsel.[37]  In addition, costs here included electronically scanning and adding electronic Bates numbers to 22,732 pages of documents copied from compact discs.[38]

Owens made two full sets of all the 57,278 documents in this case, one each for Ohio and California counsel.[39]  In addition, Owens created four sets of trial exhibits, cumulatively 16,788 pages, allowing one set for the Court, for witnesses, and for each counsel.[40]  Moreover, Owens relates that it created, at the request of Twee, a complete set of all of its 14 expert reports – a total of 22,634 pages.[41]  It also made 12,800 copies of documents for review by those experts in preparing their testimony and four sets of the 308 deposition exhibits.[42]  Owens concedes that as much as 20 percent of the remaining 27,958

---

[36] *Id*. at 8.

[37] *Id*. at 8-9.

[38] *Id.* at 9.

[39] *Id.*

[40] *Id*.

[41] *Id*. at 10.

[42] *Id.*

"unaccounted for" copies may have been for counsel's convenience.  Thus, it agrees to reduce its claim for copies by $1,596.36.[43]

In response to the objections raised as to the "overhead and convenience of counsel" charges, Owens contends that the Bates labeling, electronic scanning and conversion of document into electronic format was necessary to provide documents to Twee in electronic form and to prepare documents "that could be used at trial for jury presentation."[44]  It also asserts that the *de bene esse* depositions of Fleck, Graham, Van Wyk and Greyling, claimed by Twee to be investigatory, were necessary in light of anticipated issues at trial.[45]

In the end, Owens agreed to submit a reduced bill of costs totaling $88,793.74.[46]

## Analysis

### A.    Applicable law

28 U.S.C. § 1920 provides that certain specific costs incurred in litigation are permitted to be taxed as costs against the losing party. By terms of that statute, those permissible costs are:

> (1) fees of the clerk and marshal; (2) fees of the court reporter for all and any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; and (6) compensation of court

---

[43] *Id.* at 11.

[44] *Id.* at 11-12.

[45] *Id.* at 12-13.

[46] *Id.* at 14.

appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.[47]

As the Supreme Court has stated, when considering requests for taxation of costs, "federal courts are bound by the limitations set out in ... § 1920."[48]  However, "'courts may interpret the meaning of items listed in ... § 1920.'"[49]

In regards to obtaining the taxation of any cost permitted by this statute, Federal Rule of Civil Procedure 54(d) provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  The Sixth Circuit has held that this provision "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court."[50]  Thus, the district court "has broad discretion in allowing or disallowing the particular items listed in § 1920 as costs."[51]

In exercising that discretion in reviewing a request for the taxation of costs, the court looks "first to whether the expenses are allowable cost items and then to whether the amounts

---

[47] 28 U.S.C. § 1920.

[48] *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987); *see also*, *American Trim, L.L.C. v. Oracle Corp.*, 230 F. Supp. 2d 803, 807 (N.D. Ohio 2002).  "To be compensable a particular expense must fall into one of the categories of costs statutorily authorized for reimbursement."

[49] *BDT Products, Inc. v. Lexmark Int'l, Inc.,* 405 F.3d 415, 419 (6th Cir. 2005) (quoting Kurtis Kemper, Annotation, *Taxation of costs associated with videotaped depositions under 28 U.S.C.A. § 1920 and Rule 54(d) of Federal Rules of Civil Procedure*, 156 A.L.R. Fed. 311 (2004)).

[50] *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986).

[51] *BDT Products*, 405 F.3d at 419.

are reasonable and necessary."[52]  The court may not award costs until it has determined that the expenses sought to be taxed as costs were for material or services  "'necessarily obtained for use in the case' ... and in an amount that is reasonable."[53]

An unsuccessful party objecting to the taxation of costs then has the burden of showing circumstances to overcome the presumption that favors the award of permissible costs to the prevailing party.[54]  Such circumstances which may justify excusing or reducing

---

[52] *Jefferson v. Jefferson County Pub. School Sys.*, 360 F.3d 583, 591 (6th Cir. 2004).

[53] *Hartford Fin. Servs. Group, Inc. v Cleveland Pub. Library*, No. 1:99-CV-1701, 2007 WL 963320, at *2 (N.D. Ohio March 28, 2007), quoting *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich. 1995) (quoting 28 U.S.C. § 1920).  It is unclear in the recent case law in this Circuit as to whether this obligation on the court entails a burden on the prevailing party to establish the necessity and reasonableness of its claimed expenses (*see*, *Whirlpool Corp. v. LG Elecs., Inc*., No.1:04-CV-100, 2007 WL 2462659, at *1 (W.D. Mich. Aug. 26, 2007), or whether it is the burden of the party opposing an award to specify what expenses are unnecessary or unreasonable (*see*, *Hartford Fin. Servs.*, 2007 WL 963320, at *5).  Inasmuch as it is clear that, even with the presumption to award fees, Rule 54(d) does not give district courts "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur" and so should always subject submitted costs to "careful scrutiny," *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964) (rev'd on other grounds, *Crawford Fitting Co.*, 482 U.S. 437), the better approach seems to be to look to the prevailing party to initially support its submitted bill of costs with some basis by which the court may exercise its obligation to carefully scrutinize that submission.

[54] *White & White*, 786 F.2d at 732; *accord*, *BDT Products*, 405 F.3d at 420, quoting 10 C. Wright, A. Miller, and M. Kane, *Federal Practice and Procedure: Civil* 3d § 2679 (1998).  "[T]he party objecting to the clerk's taxation has the burden of persuading the court that it was improper." This sequence of the prevailing party receiving an initial award of costs from the clerk followed by an objection by the opposing party in a proceeding before the district court does not necessarily obtain in cases, such as here, where the prevailing party directly asserts its claim for costs in the first instance before the district court.  *See*, *BDT Products*, 405 F.3d at 417-18, discussing the formerly prevailing practice of the clerk initially fixing costs followed by a review, if sought, by the district court and affirming that district courts may act on motions related to costs without any prior action by the clerk.  Cases where the district court considers the request for costs only after costs have already been taxed by

-10-

an award are recognized as including "the losing party's good faith, the difficulty of the case, the winning party's behavior and the necessity of the costs."[55]  In addition, another factor to consider that may excuse or reduce an award is the indigency of the losing party.[56]

In the end, the decision of the trial court to deny or award costs pursuant to Federal Rule of Civil Procedure 54(d), either in whole or in part, is a matter committed to its sound discretion.[57]  Overturning a decision on an award of costs generally requires a finding on review that "the lower court ignor[ed] the criteria set by the Sixth Circuit or otherwise a certainty on [the part of the reviewing court] that a clear error of judgment was committed."[58]

Accordingly,  Twee's objections will be considered pursuant to the criteria set forth by the Sixth Circuit.

**B.**     **Twee's four arguments for total denial of costs here are not persuasive.**

As noted, Twee has argued that Owens' costs should be denied *in toto* because this was a complex, difficult case and Twee acted reasonably and in good faith in presenting its claim.  In addition, it seeks to have this Court limit or remit, on equitable grounds, any costs

---

the clerk may be the foundation for why some case authorities put the burden on the opposing party to show any lack of necessity or reasonableness.

[55] *Singleton v. Smith,* 241 F.3d 534, 539 (6th Cir. 2001) (citing *White & White*, 786 F.2d at 732-33).

[56] *Id.* at 539 (citing *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1233 (6th Cir. 1986)).

[57] *Singleton*, 241 F.3d at 539.

[58] *Id.* at 539-40 (citing *White & White*, 786 F.2d at 730).

otherwise taxable.[59]  It further maintains that any award should be denied because Owens'

claims amount to "overreaching."[60]  Owens disputes these contentions.[61]

First, as I have already extensively discussed in the related report and recommendation

concerning attorneys' fees, I conclude that Twee's argument on the statute-of-limitations

defense was not frivolous.  However, even assuming arguendo that Twee presented a

legitimately close claim, that element alone would not deny Owens its statutory right to

recover reasonable and necessary costs.[62]  That is also true as to the element of good faith,

which, without more, is insufficient to excuse the payment of costs.[63]  Finally, unless the

losing party can show "not merely that payment would be a burden, but that [it] is indigent"

– that is, without the ability to pay either now or in the future – it may not be excused from

paying costs by virtue of financial hardship.[64]

Accordingly, I recommend finding that Twee has not established that Owens should

be totally denied recovery of reasonable, necessary, and permissible costs because of Twee's

good faith in contesting an arguably close claim or due to its current financial condition.[65]

---

[59] ECF # 217 at 3-6.

[60] *Id.* at 7-8.

[61] ECF # 228 at 3-8.

[62] *See*, *Knology, Inc. v. Insight Comms. Co., L.P.*, 460 F.3d 722, 729 (6th Cir. 2006).

[63] *White & White*, 786 F.2d at 731.

[64] *Tuggles v. Leroy-Somer, Inc*., 328 F. Supp. 2d 840, 845 (W.D. Tenn. 2004).

[65] I note in this regard that Twee concedes that it may be able to pay costs, but attempts to make a debater's point of turning Owens' comment about Twee being "an undercapitalized winery, steeped in debt" back against it.  *See*, ECF # 217 at 7, n.2.

Moreover, as will be discussed further below, while I do recommend finding substantial amounts of Owens' claim for costs to be impermissible, I do not find the entirety of its claim to be so.  Thus, I see no basis for concluding that it should be denied its right to recover reasonable, necessary, and permissible costs that can be substantiated.

**C.  Owens' claimed costs for copies, depositions, and electronic document conversion/labeling/exhibit creation are, in whole or in part, not allowable.**

*1.  Copies*

"The cost of photocopying documents necessarily obtained for use in a case are taxable under § 1920(4)."[66]  However, any actual award for photocopying must be restricted to only reasonable and necessary expenses.[67]  Photocopying expenses are reasonable and necessary to the extent that the copies were "'used as court exhibits or were furnished to the Court or the opposing counsel.'"[68]  In that regard, "[c]opies obtained only for the convenience of counsel, including extra copies  of filed papers and correspondence, are ordinarily not recoverable."[69]  Moreover, as courts, such as this one, mandate the use of

---

[66] *Wilhelm v. CSX Transp. Inc.*, No. 5:00-cv-7099, 2005 WL 361482, at *1 (N.D. Ohio Feb. 14, 2005).

[67] *Arthur S. Langenderfer, Inc. v. S.E. Johnson Co.*, 684 F. Supp. 953, 961 (N.D. Ohio 1988).

[68] *Id.*, quoting *Beech Cinema, Inc. v. Twentieth Century Fox Film Corp.*, 480 F. Supp. 1195, 1198 (S.D.N.Y. 1979), *aff'd*, 662 F.2d 1106 (2d Cir. 1980); *Hunt v. Big Lot Stores, Inc.*, No. 3:06 CV 2044, 2007 WL 4118831, at * 1 (N.D. Ohio Nov. 16, 2007).

[69] *Whirlpool Corp. v. LG Elecs., Inc.*, No. 1:04-CV-100, 2007 WL 2462659, at *1 (W.D. Mich. Aug. 26, 2007).

-13-

electronic case filing systems,[70] photocopying costs have been disallowed as unnecessary for documents required by the court to be filed electronically.[71]

Here, as noted, Owens is seeking to tax as costs the expense of copying 215,679 accounted-for documents and 21,166 unaccounted-for documents, for a total cost of $30,288.79.[72] Reviewing these submitted charges in light of the foregoing criteria, I recommend finding that only charges for copying discovery exhibits required by local rule to be submitted to opposing counsel,[73] as well as for copying any documents actually produced to opposing counsel during discovery,[74] be permitted to be taxed as "necessary" copying costs.

Initially, I note that Owens' claim for copying costs, even as adjusted, is substantial.[75] While that does not, by itself, warrant a reduction, it does serve to emphasize the importance

---

[70] *See*, N.D. Ohio L.R. 5.1.

[71] *Whirlpool Corp.,* 2007 WL 2462659, at *3; *Ridings v. Riverside Med. Ctr.*, No. 05-2134, 2007 WL 924020, at *2 (C.D. Ill. March 26, 2007).

[72] ECF # 228 at 8-11. The total cost claimed is somewhat unclear in that Owens "agrees" that its copy charge may be reduced by $1,596.36 to remove costs for 20 percent of its undocumented copies from the total, it does not then restate the adjusted total.

[73] *See*, N.D. Ohio L.R. 30.1(b)(6).

[74] *See*, *Thalji v. Teco Barge Line*, No. 5:05-CV-226-R, 2007 WL 2827527, at *3 (W.D. Kentucky Sept. 28, 2007).

[75] *See*, *Northbrook Excess & Surplus Ins. Co. v. Procter & Gabmle Co.*, 924 F. 2d 633, 643 (7th Cir. 1991) (finding a copying bill of more than $50,000 to be "large"); *compare*, *Donahoo v. Ohio Depot of Youth Servs.*, No. 5:01-CV-1137, 2002 WL 31685727, at *2 (N.D. Ohio Oct. 23, 2002) (finding a total costs award of "just over $4,500" to be "clearly reasonable" in a case involving 12 depositions over 15 months that produced nearly 70 filings on the court's docket).

of this Court undertaking its own careful scrutiny of the claimed expenses.  In that respect, since this case did not go to trial, but was resolved by a summary judgment, there is no basis for concluding that Owens' photocopying of multiple exhibit books for a trial that did not take place was in any way "necessary" to the case as it actually was presented.[76]  Similarly, as previously noted, the copying of files for the use of Owens' own attorneys and witnesses is not recoverable.  Finally, this Court's mandate that all filings be made electronically eliminates any basis for taxing costs as to copies purportedly necessary for filing with the Court or serving on opposing counsel.

Accordingly, as stated above, I recommend finding that the only copying costs here that are recoverable as "necessary" are those required by the rules for (1) deposition exhibits submitted to opposing counsel and (2) documents actually provided to opposing counsel during discovery.  As to these specific costs, the current record indicates that there were 308 deposition exhibits[77] and 22,634 pages of expert witness reports, together with the documents these experts relied upon, which were  requested by – and produced to – Twee during

---

[76] *Berryman*, 161 F.R.D. at 346. (Denying costs for trial preparation where case was actually resolved on motion for summary judgment, since permitting party "to tax costs for a trial ... that did not take place would constitute an award .. merely for being the prevailing party.")  Even if local rules require photocopied exhibit books for use by opposing counsel and the court at trial, that expense would not become necessary, and so taxable, until the case actually proceeded to trial.

[77] ECF # 228 at 10.

discovery.[78]  In addition, there was a total of 57, 278 pages of documents produced by both sides during discovery.[79]

Thus, Owens is entitled to tax the cost of copying: (1) 308 pages of deposition exhibits, plus (2) the 22,634 pages of expert reports with supporting documents provided to Twee at their request and, since no breakdown as to the source of the documents produced during discovery is available in the current record, (3) to one-half[80] the 57,278 pages produced during discovery by both parties ( 28,639),[81] for a total of 51,581 copies.  51,581 documents copied at a rate 15 cents per page[82] yields a recoverable amount of $7,737.15 for copies.  I recommend that Owens be permitted to recover that amount as a reasonable cost incurred in making necessary copies.

---

[78] *Id.* at 9.

[79] *Id.*

[80] Although Twee states that Owens should recover the cost for copying one full set of all the 57,278 pages produced by both parties during discovery, *see*, ECF # 217 at 11, it can hardly be deemed necessary for Twee to receive an Owens photocopy of those documents it already possesses as originals and that Owens obtained by discovery.

[81] *See*, *Summit Tech., Inc. v. Nidek Co., Ltd.*, 435 F.3d 1371, 1378 (Fed. Cir. 2006) In complex patent case with hundreds of thousands of documents and copies where parties "cannot be expected to track the identity of each photocopied page," District Court's "somewhat crude" calculation to reduce the total pages by half to eliminate pages not necessary to the action or duplicative of necessary copies was not an abuse of discretion; *see also*, *Hartford Fin. Servs.*, 2007 WL 963320 at *8 (reducing copying costs by 30 percent to account for non-compensable copies where "court cannot establish the exact amount" of the non-recoverable copies).

[82] The actual per-page cost from multiple copying vendors ranged from 6 cents per page to 18 cents per page.  ECF # 228, Ex. 1 (Dow Affidavit) at ¶ 5.

## 2. *Depositions*

This discussion applies to Twee's argument that no costs whatsoever should be allowed with respect to the so-called "*de bene esse*" depositions of Peter Fleck, Michael Graham, Allan Greyling, and Anre Van Wyk.  The next subsection will address which costs for allowable depositions should be taxed.

The Sixth Circuit has long acknowledged, under the authority granted by 28 U.S.C. § 1920, that "'the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party.'"[83]  Necessity is to be determined at the time the deposition is taken, and the fact that the deposition is not actually used at trial is not controlling.[84]  However, courts should not permit the taxation of costs related to a deposition when the deposition is "used for purposes of investigation or preparation for trial."[85]  In that regard, it is important to carefully distinguish the precise purpose of a deposition.[86]

Here, Twee asserts that the "*de bene esse*" depositions of Peter Fleck, Michael Graham, Allan Greyling, and Anre Van Wyk, taken by Owens in South Africa, were not to

---

[83] *Baji v. Northeast Reg'l Bd. of Dental Exam'rs, Inc*., 3 F. App'x 352, 359 (6th Cir. 2001) (quoting *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989)).

[84] *Id.* at 359-360.  This rule also applies where depositions found reasonably necessary when taken were not used in pre-trial motions. *Southside River Rail Terminal, Inc. v. CSX Transp. Inc.*, No. 1:02-cv-00295, 2005 WL 1630848, at *1 (S.D. Ohio July 5, 2005).

[85] *Hall v. Ohio Educ. Ass'n*, 984 F. Supp. 1144, 1146 (S.D. Ohio 1997).

[86] *See*, *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002) (deposing persons listed as witnesses by opposing party is necessary); *see also*, *United States, ex rel. Pickens v. GLR Constructors, Inc.*, 196 F.R.D. 69, 75 (S.D. Ohio 2000) (depositions used for "thorough preparation of counsel" are non-taxable as costs, but are merely "normal preparation for trial.").

preserve their testimony in light of the risk it would not be available, but were for "investigatory purposes," as shown by the fact that some of the witnesses gave testimony favorable to Twee.[87]  Owens, in response, contends that the Fleck, Graham and Van Wyk depositions were taken "with the specific purpose of using them at trial to refute factual assertions made by Twee,"[88] while the Greyling deposition was taken to:  (1) show that he had made an effort to obtain Twee's financial records in South Africa, and (2) to "make a record of events that occurred in South Africa involving two of the scheduled *de bene esse* deponents."[89]

In reviewing these claimed deposition costs in light of the controlling authority, I note first that the nature and use of these depositions have been extensively disputed by the parties throughout this case.[90]  I note further that Owens' trial brief[91] and notice of use of depositions at trial[92] reflect the prospective use of information from these depositions at trial[93] by Owens.

While prospective use at trial is not dispositive as to whether these depositions were "necessary" and, thus, their costs recoverable, or whether they were merely part of normal

---

[87] ECF # 217 at 14.

[88] ECF # 228 at 12 (referencing ECF # 193).

[89] *Id.*

[90] *See*, ECF ## 152, 158, 159, 160, 193.

[91] ECF # 171.

[92] ECF # 173.

[93] Owens did not offer the use of Greyling's deposition at trial.  *See*, ECF # 193 at 5. Greyling was listed as a potential witness, however.  *Id.* at 5, n.12.

trial preparation and so non-taxable as costs, the history here makes it plain that Owens identified these witnesses as a result of its investigation of the claims of Nicky Krone, the majority shareholder of Twee,[94] that "the alleged bottle problems caused certain harmful results" for Twee.[95]  In such a situation, where a plaintiff claims certain negative economic effects were caused by a condition allegedly created by the defendants, obtaining depositions that contradict the plaintiff's claimed cause for its financial distress goes beyond depositions for the mere convenience of counsel or preparing for one's own arguments, and is rather analogous to deposing the witnesses of the opposing party – a permissible basis for taxing costs.  Far from being a "fishing expedition," a defendant's deposition of a fact witness who contradicts the plaintiff's claim of causality is, when available, a necessary element of the defense.[96]

Accordingly, I recommend finding that these *de bene esse* depositions by Owens were necessary for its defense and so may be taxed as costs.

## 3.     *Overhead and convenience of counsel items*

Twee contends that any taxation of costs by Owens should be reduced by $19,865.95, an amount representing, according to Twee, unrecoverable "overhead and convenience of

---

[94] *See*, ECF # 203 (Opinion granting summary judgment) at 2.

[95] *See*, ECF # 193 at 9-14 (detailing the specific claims that these witnesses were deposed to contradict).

[96] I note here as well that Owens had interviewed these deponents prior to the deposition and knew that they would, to varying degrees, contradict elements of Twee's causality arguments. (*See*, ECF # 193 at 9.)  As such, these were not classic "fishing expeditions" where a party is deposed in the hope that relevant evidence will be uncovered.

counsel" expenses.[97]  Specifically, Twee objects to expenses for such items as: bates labeling, court reporter appearance fees, electronic scanning, exhibit preparation, rush fees, disc and video conversions and preparations, and computer time.[98]  Owens responds that these charges were to:  (1) keep track of the large number of documents, (2) file documents electronically, (3) act "as soon as possible" in conducting depositions or filing matters with the Court or to (4) prepare items for the jury.[99]  It also maintains that some expenses were for the court reporters who took the depositions.[100]

Costs associated with electronic scanning, computerized litigation support, rough disks and bates labeling are not usually allowable as taxable costs.[101]  Costs for such items are not necessary for the presentation of the case but reflect choices by counsel as to its preferred, most convenient, or most persuasive way of proceeding with a case.[102]  Those costs

---

[97] ECF # 217 at 11-13.

[98] *Id.*

[99] ECF # 228 at 11-12.

[100] *Id.*

[101] *See*, *Whirlpool Corp.*, 2007 WL 2462659, at *6; *Hartford Financial Services Group, Inc.*, 2007 WL 963320 at  *5; *see also*, *Lagenderfer*, 684 F. Supp. at 961; *but see*, *BDT Products, Inc.*, 405 F.3d at 420 (no abuse of discretion where, with proof that expenses were "necessary,"court approved taxing costs for electronic scanning and imaging of documents that could be interpreted as being for exemplification).

[102] *See, Whirlpool*, 2007 WL 24626519, at *6 (Costs for rough disks used because depositions were "tightly scheduled," were for counsel's convenience, not a necessity; costs for format conversion and synchronization of video and transcript "represent a strategic choice by counsel on how to most persuasively present their case [and were] not necessary to the presentation of the case.").

are not included within the "necessary" costs which Congress permitted to be taxed.[103] However, inasmuch as courts, such as this one, now require filings to be made electronically, costs associated with converting documents to electronic form, if done solely for the purpose of complying with the court's directive, must be considered necessary and recoverable.

Accordingly, inasmuch as the record is not clear as to what portion of the $2,524.40 claimed as expenses for the use of imaging technologies or electronic scanning is attributable to scanning documents not otherwise in electronic form for filing electronically with the court, and what portion is for other purposes, I recommend allowing one-half the claimed amount, or $1,262.20, to be taxed as costs.

## Conclusion

I recommend that the following charges be permitted to be taxed as costs:

- fees of the clerk, $570.00 (uncontested),

- costs of interpreters, $2,736.85 (uncontested);

- $7,737.15 for copies, as is more fully detailed earlier in this report;

- $1,262.20 for electronic scanning, as is detailed earlier in this report; and

---

[103] In this regard, Owens has agreed that $2,569.31 included in its original submission of costs for "litigation software" should not have been so included and so has withdrawn that item.  ECF # 228 at 13.

- costs for all the depositions claimed by Owens to have been necessary, such costs to be limited to those elements specifically approved in this report, the sum total to be calculated by Owens subject to the final findings of the District Judge and to be re-submitted on a revised bill of costs, together with all approved charges, within 10 days of the final decision on this report and recommendation.


Dated:   December 18, 2007                    s/ William H. Baughman, Jr.
                                              United States Magistrate Judge


## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[104]

---

[104] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).