**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TWEE JONGE GEZELLEN (PTY) LTD.,** | ) ) | **CASE NO. 3:04CV7349** |
| **Plaintiff,** | ) ) | **JUDGE CHRISTOPHER A. BOYKO** |
| vs. | ) ) | **ORDER** |
| **OWENS-ILLINOIS, et al.,** | ) ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Defendants' Motion (ECF DKT #211) for Compensation of excess costs, expenses, and attorneys' fees under 28 U.S.C. § 1927. On October 18, 2007, this Motion was referred to the Magistrate Judge. On December 18, 2007, the Magistrate Judge issued a Report and Recommendation (ECF DKT #230), recommending the Court deny Defendants' Motion as untimely, or alternatively, on the merits. Defendants filed timely Objections (ECF DKT #232); Plaintiff filed a Response Brief (ECF DKT #233); and Defendants filed, with leave of Court, a Reply Memorandum (ECF DKT #235). Upon consideration of the Defendants' Objections, and after review of the Report and Recommendation of the Magistrate Judge *de novo*, the Court ADOPTS the Magistrate Judge's

Report and Recommendation IN PART, and DENIES Defendants' Motion for Compensation as unwarranted on the merits.

## I. BACKGROUND

Plaintiff, Twee Jonge Gezellen Ltd. ("Twee"), a wine producer and bottler, brought this action, claiming Defendants, Owens-Illinois, et al. ("Owens") negligently provided erroneous advice to its bottle supplier causing damage to a substantial quantity of sparkling wine. This Court granted summary judgment in favor of Owens, on the ground that Twee's claim was barred by the two-year statute of limitations in Ohio Revised Code § 2305.10. On appeal, the Sixth Circuit affirmed.

In their motion, Defendants accuse Twee and its attorneys of unreasonably and vexatiously prolonging the proceedings in two respects:

- "Twee continued to pursue the litigation against Owens after it became apparent during discovery that Twee's lawsuit lacked a plausible factual and legal basis and was legally barred; and

- "for over six months, Twee actively pursued an admittedly-baseless claim that Freon 134a-treated bottles were somehow toxic to humans."

## II. ANALYSIS

The Magistrate Judge points out that there is no time limit on the filing of motions for fees and compensation pursuant to 28 U.S.C. § 1927 by statute or rule. Fed. R. Civ. P. 54(d)(2) imposes a time limit of fourteen days after entry of judgement on certain motions for attorneys' fees, but expressly exempts motions filed pursuant to 28 U.S.C. § 1927 from its purview. The Magistrate Judge suggests these motions should be filed with reasonable promptness; and,

ideally, prior to the consideration of the case by the Sixth Circuit Court of Appeals. He concludes that Defendants' motion, filed August 15, 2007, after the affirmance by the Court of Appeals, should be denied as untimely. This Court declines to follow the Magistrate Judge's suggestion, and will not venture into formulating a time limitation applicable to motions for fees under 28 U.S.C. § 1927. Further, this Court will not overrule Defendants' Motion on timeliness grounds.

The Sixth Circuit, on the other hand, has summarized the substantive standards which apply to the discretionary decision to award or deny fees under 28 U.S.C. § 1927 in *Salkil v. Mount Sterling Township Police Department*, 458 F. 3d 520 (6th Cir. 2006): "[A] district court may impose sanctions under § 1927 when it determines that 'an attorney reasonably should know that a claim pursued is frivolous.' . . . 'There must be some conduct on the part of the subject attorney that trial judges, applying collective wisdom of their experience on the bench could agree fall short of the obligations owed by members of the bar to the court.'" *Id.* at 532.

Upon *de novo* review of the briefs and the Report and Recommendation, this Court finds Twee's argument advanced in opposition to the statute of limitations defense is not so implausible as to be frivolous. The actions of Twee's counsel do not "fall short of the obligations owed by members of the bar to the court;" and Plaintiff Twee's conduct throughout the discovery process does not, in the Court's opinion, warrant sanctions.

The Magistrate Judge conducted an independent examination of the record in this case; and could find no claim or averment that the Freon 134a treatment was toxic or harmful to humans. This Court, based upon its own review of the record, agrees that Twee did not pursue the alleged frivolous claim of toxicity against Owens. Thus, sanctions based upon the assertion

of a vexatious claim are not justified.

### III. CONCLUSION

Therefore, for the foregoing reasons, the Report and Recommendation of the Magistrate Judge is ADOPTED IN PART; and the Defendants' Motion for Compensation of excess costs, expenses and attorneys' fees under 28 U.S.C. § 1927 is DENIED.

**IT IS SO ORDERED.**

**DATE: 03/31/08**

                                    s/Christopher A. Boyko
                                    **CHRISTOPHER A. BOYKO**
                                    **United States District Judge**